IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| SALVADOR HERNANDEZ, JR. | § | |
| Reg. No. 53357-008, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | EP-15-CV-401-KC |
| | § | |
| J.S. WILLIS, Warden, | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

In a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241, Petitioner Salvadore Hernandez, Jr., an inmate confined at the La Tuna Federal Correctional Institution in Anthony, Texas,[1] asserts a city court in Tucson, Arizona, has violated his speedy trial and due process rights by refusing to act on multiple criminal and traffic cases pending against him until his "release from the correctional facility."[2] Hernandez asks the Court to intervene in his behalf and order the Tucson city court to dismiss all cases pending against him and to withdraw all warrants and detainers.[3] After reviewing the record and for the reasons discussed below, the Court will dismiss Hernandez's petition, pursuant to 28 U.S.C. § 2243, because it appears from its face that

---

[1] Anthony is located in El Paso County, Texas, which is within the territorial limits of the Western District of Texas. 28 U.S.C. § 124(d)(3) (2012).

[2] Pet'r's Mot., Ex. A, p. 5 (Mot. to Dismiss Case Nos. CR96072579, CR98216266, TR97214472, TR97249180, and TR97259336, Tucson City Court), ECF No. 1-2. "ECF No." in this context refers to the Electronic Case Filing number for documents docketed in this case. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

[3] Pet'r's Mot. 8, ECF No. 1-1.

he is not entitled to relief.[4]

A federal court may exercise jurisdiction where an individual in custody brings a petition for habeas relief under 28 U.S.C. § 2241, regardless of whether a state court has rendered a final judgment.[5] However, a federal court "should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner."[6] Accordingly, "federal habeas corpus does not lie, absent 'special circumstances', to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court."[7] The sixth amendment right to a speedy trial does not qualify "as a per se 'special circumstance' that obviates the exhaustion requirement."[8] Indeed, federal courts consistently deny habeas relief on speedy trial claims on exhaustion and federalism grounds.[9] Furthermore, "claims of actual prejudice in violation of the due process clause of the fourteenth amendment are only examined where the applicable statute of

---

[4] 28 U.S.C. § 2243 (2012) ("A court ... entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.").

[5] For a discussion of the distinction between post-trial habeas corpus relief under section 2254 and pre-trial relief under section 2241, *see Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 503-04 (1973) (Rehnquist, J. dissenting); *Moore v. DeYoung*, 515 F.2d 437, 441-42 (3d Cir. 1975).

[6] *Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987) (citations omitted).

[7] *Braden*, 410 U.S. at 489.

[8] *Dickerson*, 816 F.2d at 227.

[9] *Id.*

limitations fails to offer relief for the preindictment delay."[10]   The Fifth Circuit Court of Appeals has "not found any case . . . where pre-trial habeas relief has been used to adjudicate a defendant's due process claim that could also be raised during his trial in state court."[11]

Hernandez's sixth amendment speedy trial and fourteenth amendment due process claims amount to affirmative defenses.   Hernandez can present both defenses in the Tucson city court before his trial.   After Hernandez concludes the Tucson city court proceedings and exhausts his state remedies, he may institute federal habeas proceedings.   Pre-trial habeas relief is simply not available on Hernandez's claims.

Accordingly, **IT IS ORDERED** that Hernandez's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED** and his cause is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that all pending motions in this cause, if any, are **DENIED** as **MOOT**.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SIGNED this 8th day of January, 2016.**

_____
**KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE**

---

[10] *Id.* at 228.

[11] *Id.* at 229.